Filed 10/23/14  P. v. Roldanriera CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060976 |
| v. | (Super.Ct.No. PAR1400271) |
| RODIFO JOAQUIN ROLDANRIERA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  James Robert Gericke, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Caroline R. Hahn, under appointment by the Court of Appeal, and Rodolfo J. Roldanriera, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On November 4, 2008, defendant and respondent Rodifo Joaquin Roldanriera pled no contest to lewd and lascivious behavior with a minor under the age of 14 (count 1;

1

Pen. Code, § 288, subd. (a))[1] in return for the low term of three years' imprisonment. On February 18, 2014, defendant's parole agent filed a petition for revocation of defendant's parole alleging defendant had violated two terms of his parole. The trial court revoked defendant's parole. On May 20, 2014, after a contested hearing on the issue, the trial court found defendant had violated his parole, sentenced defendant to 180 days in jail, and reinstated his parole.

After defendant's trial counsel filed the notice of appeal,[2] this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a statement of the facts, and identifying three potentially arguable issues: (1) whether sufficient evidence supported the court's determination defendant had violated his parole term requiring that he not possess pornographic material;

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Pursuant to former section 3000.08, subdivision (f), effective July 1, 2013, the court in the county in which the parolee is being supervised makes the determination as to whether the parolee has violated parole. Prior to that statutory change, the Board of Prison Terms made such determinations. Under the prior statutory regime, the proper remedy to challenge the propriety of parole revocations was the filing of a petition for writ of habeas corpus. (*In re Powell* (1988) 45 Cal.3d 894, 903; *In re Tucker* (1971) 5 Cal.3d 171, 176 [challenge to parole revocation may only be made on habeas corpus to "'discourage needless judicial review'"].) No published opinion has held that judicial revocation of probation is challengeable by appeal since the statutory and jurisdictional change. We shall assume, without deciding, that such determinations are appealable. (*People v. Totari* (2002) 28 Cal.4th 876, 882 [["S]ection 1237, subdivision (b), literally permits an appeal from any postjudgment order that affects the 'substantial rights' of the defendant"].)

(2) whether the court abused its discretion in sentencing defendant to 180 days in jail; and (3) whether the court should have awarded conduct credit.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. Defendant contends parole revocation was sought against him in reprisal for his seeking help from an assemblywoman and due to his status as a sex offender, that his parole agent gave perjured testimony, that the copies of the pornographic photos were of poor quality and that the original copies were not entered into evidence, that the court abused its discretion by informing defendant he should have carried the charger for his GPS anklet on his person, that the judge was biased against him, and that his counsel at the time he entered his plea committed prejudicial ineffective assistance of counsel (IAC) by failing to advise him of the immigration consequences of his plea. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 2008, defendant signed and initialed a plea form in which defendant pled no contest to lewd and lascivious behavior with a minor under the age of 14 in return for the low term of three years' imprisonment. Defendant specifically initialed the box adjacent to the paragraph reading, "I understand that if I am not a citizen of the United States, deportation, exclusion from admission to the United States, or denial of naturalization will result from a conviction of the offense(s) to which I plead guilty . . . ." Defendant additionally initialed the box adjacent to the paragraph reading, "I have had sufficient time to consult with my attorney concerning my intent to plead guilty . . . to the above charge[.] My lawyer has explained everything on this declaration to me, and I have had sufficient time to consider the meaning of each statement. I have personally

3

placed my initials on certain boxes on this declaration to signify that I fully understand and adopt as my own each of the statements which correspond to those boxes."

Defendant's attorney signed a statement reading that he had "personally read and explained the contents of the [plea agreement]; and that I personally observed the defendant sign said declaration . . . ." The court sentenced defendant to the three year term of imprisonment provided for in his plea agreement.

On February 12, 2014, defendant's parole agent, Jesse Embry, completed a parole violation report in which he noted he had taken defendant into custody for violations of terms Nos. 49 and 74 of defendant's parole. On February 18, 2014, Embry filed with the court a petition for revocation of defendant's probation alleging defendant had failed to maintain the charge to his GPS tracking device and possessed pornographic images on his cell phone in violation of the terms of his parole.

On March 20, 2014, the court held a contested hearing on the petition. Embry testified defendant's parole term No. 49 required that he not possess pornographic material. Term No. 74 required that defendant would charge his GPS device at least twice daily and within 10 minutes of receiving a low battery alert. Defendant's GPS device had gone dead previously on January 22, 2014. Embry informed defendant if it happened again, he would seek revocation of defendant's parole.

On February 8, 2014, at 10:58 p.m., defendant's GPS device began vibrating continuously, informing defendant the battery was dying. At 2:40 a.m. on February 9, 2014, the battery died and the GPS device ceased functioning. Embry attempted to contact defendant, but was unable to reach him. At 8:00 a.m., the battery began to

4

charge. Embry vibrated the device, defendant called him, and Embry told defendant to report to him the next day. Defendant reported to Embry on February 10, 2014.

Defendant informed Embry he was in the hospital emergency room and unable to charge the GPS device. The charge cord weighs less than one pound. Embry asked defendant for his phone, reviewed it, and found several sexual pictures on it that violate a term of his parole. Defendant admitted the sexual photographs on his cell phone were his. Embry took photographs of the images with his own phone. The images were admitted into evidence.

Defendant testified that on February 8, 2014, he went to the emergency room due to a sprained back. His father drove him. They arrived around 5:00 p.m. Defendant began receiving treatment a couple of hours later. His GPS device began vibrating sometime thereafter. Because defendant is homeless, he did not have the power cord with him in the hospital. Rather, defendant keeps the power cord to the GPS device in storage. He told his father to retrieve the power cord, but a nurse informed defendant they would not allow him to charge the device. Defendant attempted to call Embry, but received his voicemail. Defendant left the hospital between 3:00 and 4:00 a.m.

Defendant went to sleep in his tent and woke later to charge the device at Starbucks at 8:00 a.m. Defendant reported to Embry's office the next day. Embry took defendant's cell phone from his pocket. The phone belonged to defendant's father before he gave it to defendant. The SD card in the phone still belonged to defendant's father. Defendant lets many people use his cell phone. He had not seen the sexual photographs on the phone and never told Embry they belonged to him.

The court observed defendant's placement of the charge cord in storage left him without the ability to charge the device and, therefore, was itself noncompliance with the term of his parole: "[I]t behooves you to keep your chargers. They are not that big a burden. You need to have them with you." The court found the pictures on defendant's cell phone also amounted to a violation of the other term of defendant's parole. The court sentenced defendant to the mandatory term of 180 days in jail.

DISCUSSION

Defendant's contention that Embry filed the petition for revocation of defendant's parole because defendant sought help from his assemblywoman and because he was a sexual offender is not at all supported by the record. (See *People v. McKinzie* (2014) 54 Cal.4th 1302, 1347-1348.) Likewise, nothing in the record establishes Embry perjured himself. Indeed, Embry's testimony that defendant admitted the sexual pictures on defendant's cell phone were his, recapitulated Embry's prior statements in his parole violation report and petition for revocation of parole. Regardless, it is the exclusive province of the trier of fact to determine the credibility of witnesses. Here, by virtue of its findings, the court obviously found Embry's testimony credible. We do not reweigh credibility determinations. (*People v. Jackson* (2014) 58 Cal.4th 724, 749.)

Moreover, nothing in the record supports defendant's contention the judge was biased against him. (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674 ["The mere fact that the trial court issued rulings adverse to [defendant] on several matters in this case, even assuming one or more of those rulings were erroneous, does not indicate an appearance of bias, much less demonstrate actual bias"].)

6

Furthermore, defendant's appellate objection to the admission of what he describes as "lousy pictures of 'the pornographic images," is forfeited for failure to object below and because the photographs were admissible regardless. (See *People v. Lucas* (2014) 60 Cal.4th 153, 265 ["photographs were admissible even if they otherwise qualified for exclusion under the former version of the best evidence rule."].)

Finally, defendant's claim that his counsel was prejudicially ineffective for failing to advise him of the immigration consequences of his plea fails because it could have been raised from an appeal from his original conviction. (See *Ex parte Dixon* (1953) 41 Cal.2d 756, 759 ["The general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction."].)

Regardless, the record of defendant's conviction makes it abundantly clear defendant was advised of the immigration consequences of his plea: he indicated he had read that portion of his plea agreement, initialed it, signed the plea agreement, and had it explained to him by his counsel. Thus, defendant's contention fails on the merits.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (See *People v. Rodriguez* (1990) 51 Cal.3d 437, 443 [review of trial court's revocation of parolee is by the same standard as that applicable to probation, i.e., abuse of discretion]; compare with *In re Caswell* (2001) 92 Cal.App.4th 1017, 1027 ["In light of the [Board of Prison Terms's] broad discretion in these matters, however, we review the sufficiency of

this factual underpinning using an extremely deferential standard, requiring merely 'some evidence' to justify the rescinding panel's determination."]; § 3010.10, subdivision (c) ["Upon a violation of this section, the parole authority shall revoke the person's parole and require that he or she be incarcerated in the county jail for a period of 180 days."]; *Santa Clara County Correctional Peace Officers' Association, Inc. v. County of Santa* (2014) 224 Cal.App.4th 1016, 1036 ["'Under "well-settled principle[s] of statutory construction," we "ordinarily" construe the word "may" as permissive and the word "shall" as mandatory.'"]; *People v. Valencia* (2014) 226 Cal.App.4th 326, 329 [issue of miscalculation of credits moot where the defendant has been released from custody.].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:

<u>McKINSTER</u>
Acting P. J.

<u>RICHLI</u>
J.

8